## STATE EX REL. A. M. SIMMERS AND ANOTHER v. DISTRICT COURT OF STEARNS COUNTY AND ANOTHER.[1]

June 29, 1917.

Nos. 20,366—(193).

**Workmen's Compensation Act — accident arising out of employment — evidence.**

*Certiorari.* Deceased came to his death while in the employ of defendants, Simmers & Campbell, as the result of a rupture of a blood vessel. The proofs are sufficient to support a finding that deceased came to his death as the result of an accident arising out of and in the course of his employment, and that defendant is liable under the Workmen's Compensation Act.

Upon the relation of A. M. Simmers and William Campbell, copartners as Simmers & Campbell, the supreme court granted its writ of *certiorari* directed to the district court for Stearns county and the Honorable John A. Roeser, one of the judges thereof, to review proceedings in that court under the Workmen's Compensation Act brought by Ida. Larson against relators, as employers, and the Ocean Accident & Guarantee Corporation, as insurer. Affirmed.

*Ware & Junell,* for relators.

*R. B. Brower,* for respondents.

QUINN, J.

Defendants, Simmers & Campbell, are engaged in the business of quarrying, cutting and preparing granite stone for market at St. Cloud in this state. Defendant insurance company is engaged in writing indemnifying policies to employers for liability under the Workmen's Compensation Act, and during the times in question was the insurer of the employers, Simmers & Campbell.

January 26, 1916, Eric Larson, now deceased, was in the employ of Simmers & Campbell, at $13.50 per week, assisting in cutting and

[1]Reported in 163 N. W. 667.

preparing granite stone for market, and both he and his employers were subject to the provisions of the Workmen's Compensation Act of this state. While so employed and while at work in the course of his employment, the deceased, on January 26, sustained a rupture of a blood vessel which caused his immediate death. At the time of his death he left him surviving his widow, the plaintiff, and their five children, four of whom were minors under the age of 18 years, and who, with the plaintiff, were dependent upon deceased and his earnings for support at the time of his death. About these matters there is no controversy.

After the death of her husband, plaintiff notified defendants thereof and of her claim that he came to his death by accident, when a dispute arose, defendants contending that deceased died of natural causes and not as a result of accident, and that therefore they were not liable. Plaintiff then brought this action to have that question determined, defendants appeared and answered, a hearing was had, with the result that the trial court found for the plaintiff and, in effect, that deceased came to his death as the result of an accident arising out of and in the course of his employment, and that plaintiff was entitled to recover the amount of $34.72 per month for 300 weeks, and ordered judgment accordingly. Judgment was entered and defendants bring the case to this court by *certiorari*.

The only questions here presented are: Whether the evidence is sufficient to justify the findings that the deceased came to his death as a result of accident arising out of and in the course of his employment, and whether the findings support the judgment. That the findings are amply sufficient to warrant the judgment we have no doubt. We are also of the opinion that the evidence justifies the findings that Larson's death was the result of an accident arising out of and in the course of his employment.

The evidence shows deceased to have been a strong, robust man 51 years of age, a good, steady worker with regular habits. On the day in question he was assisting in cutting a large piece of granite, using a 20-pound hammer with which he would strike the set hammer until the stone would break. These blows were required to be struck from the side, necessitating the striker's assuming a crouching position. The

day was very cold. The work of cutting took about 1¼ hours in the forenoon and about 30 or 35 minutes in the afternoon. The spalls which were broken from the granite were of different sizes, some weighing as much as 50 pounds. Deceased struck something like 130 blows with the heavy hammer in the forenoon, after which he was considerably exhausted and perspired freely. He then ate his dinner which he had brought with him and shortly thereafter resumed the work of striking, using a 15-pound hammer for about 30 or 35 minutes. After this he was engaged in manipulating an overhead traveler, his arms extended upward, his attention given to the machinery overhead when he started to move the traveler. After moving it some 6 or 8 feet he fell near or over a pile of spalls and chips of stone, his head striking a piece of granite, cutting a large gash over his right eye. No one saw him fall. His feet lay on the pile of stones. When his fellow workmen reached his side he was unconscious. He was breathing, his heart was strong, but he died a few minutes thereafter. The facts are sufficient to justify that the fall was accidental. A *post mortem* examination to ascertain the cause of death was had. Dr. Dunn, coroner of the county, assumed charge thereof. At the trial the doctor testifies that the cause of death was cerebral hemorrhage and stated: "I can tell you with all probability from the whole history of the thing here that that rupture occurred while he was working there, as a result of the severe strain and falling on the rock—the combination of the two." Other witnesses testified to the same effect. The decision of the trial court is based upon all of the evidence in the case. The external injury, its effect, the act of falling upon the rock, the weakened condition of deceased as the result of the strenuous labor of the previous hours, taken in connection with the testimony of the doctors, in our opinion was clearly sufficient to justify the findings of the trial court.

The judgment appealed from is affirmed.